**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4699**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ANTWAN ROBINSON,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior
District Judge.  (3:02-cr-01153)

─────────────

Submitted:  November 22, 2006      Decided:  January 17, 2007

─────────────

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, William K. Witherspoon, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Robinson pled guilty to possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him as a career offender to a 262-month term of imprisonment. In light of United States v. Booker, 543 U.S. 220 (2005), we vacated his sentence and remanded for resentencing. United States v. Robinson, 175 F. App'x 625 (4th Cir. 2006) (No. 04-4597). On remand, the district court accepted the parties' sentencing recommendation and sentenced Robinson to 235 months in prison, a twenty-seven-month downward variance from the advisory sentencing guideline range. Robinson appeals his sentence on the ground that the district court did not understand it had the discretion to vary from the guideline range based upon the small amount of drugs and the absence of firearms and violence in the predicate offenses. We affirm.

In a post-Booker sentencing, the district court must calculate the advisory guideline range and then consider whether that range "serves the factors set forth in [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2006)] and, if not, select a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court reviews a post-Booker sentence "to determine whether the sentence

- 2 -

is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006).  If the district court imposes a variance sentence, "[t]he district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range" in light of the factors in § 3553(a).  Id.; Green, 436 F.3d at 456.  In reviewing a variance sentence, we "consider whether the district court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range."  United States v. Perez-Pena, 453 F.3d 236, 241 (4th Cir.), cert. denied, 127 S. Ct. 542 (2006).

Because the district court imposed a variance sentence, we conclude that the court recognized its discretion to vary from the advisory sentencing guideline range.  Our review of the record convinces us that the district court's decision to impose a variance sentence was reasonable.  See Moreland, 437 F.3d at 435-36.  We also find that the extent of the variance is reasonable as it takes into account Robinson's status as a repeat drug offender while giving him some credit for the absence of firearms and violence from the predicate offenses.  See id. at 437.  Although the district court did not explicitly articulate its reasons for adopting the parties' sentencing recommendation, the court

considered the parties' arguments at sentencing, which focused on the various factors in § 3553(a).  See United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006) ("The context surrounding a district court's explanation may imbue it with enough content for [this Court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly."), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).  Moreover, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record."  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (internal quotation marks and citation omitted).

Accordingly, we affirm Robinson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED